19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie McDONALD, Plaintiff-Appellant,
v.
John M. PIERON, Defendant-Appellee.
 No. 93-1799.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Ronnie McDonald, a pro se Michigan state prisoner, appeals a district court order granting summary judgment to the defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $300,000 in damages, McDonald filed a complaint against a prison resident unit manager asserting claims of excessive force in violation of the Eighth Amendment and state battery law. McDonald alleged that the defendant pushed him backwards, causing him to break a window with his elbow. McDonald received deep lacerations which required numerous stitches. The defendant had written disciplinary and incident reports claiming that McDonald broke the window with his fist. McDonald was not found guilty of the disciplinary charge because his injuries were more consistent with his version of the incident than defendant's.
 
 
 3
 The parties filed cross motions for summary judgment which were referred to a magistrate judge. The magistrate judge recommended that both motions be denied, as a reasonable jury might believe either version of the incident. Defendant filed objections, and the district court rejected the magistrate judge's recommendation and granted the defendant's motion for summary judgment on the Sec. 1983 claim. The pendent state law claim was dismissed without prejudice. The district court concluded that, even accepting McDonald's version of the incident as true, the alleged push was a minimal use of force in an effort to maintain discipline and there was no evidence of malicious or sadistic intent by the defendant sufficient to state a claim under the Eighth Amendment.
 
 
 4
 Upon careful consideration, we conclude that the defendant was not entitled to summary judgment in this case. Viewing the evidence in a light most favorable to McDonald, a reasonable jury might not necessarily find in favor of the defendant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 255 (1986).
 
 
 5
 The underlying issue in a claim of excessive force is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). The factors to be considered in resolving this issue include the reason or motivation for the alleged conduct, the type of force used, and the extent of injury inflicted. See Parrish v. Johnson, 800 F.2d 600, 604-05 (6th Cir.1986). Accepting McDonald's version of the incident as true, a reasonable jury might conclude that the alleged push was an angry response rather than a good-faith disciplinary measure and might not agree that the push was a minimal use of force in light of McDonald's position in front of the window. Alternatively, a reasonable fact-finder might agree with the district court's conclusion or might reject McDonald's story completely and believe that his injuries were self-inflicted. On this record, therefore, summary judgment was not appropriate.
 
 
 6
 The district court's order is accordingly vacated, and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.